IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

TITUS C. ASHLEY,

        Defendant.

                                      Case No. 10-MJ-0019 GGH

<u>ORDER</u>

*Introduction and Summary*

        This case involves the Class B misdemeanor offense of driving without a valid license in violation of Cal. Vehicle Code § 12500(a). During the course of the trial, defendant objected to a government introduced admission of the defendant that he was the driver of a car which had been parked on the Tracy Defense Depot on the basis of "corpus delecti," and after the objection was overruled, defendant later made a Fed. R. Crim. P. 29 motion that the "corpus delecti" of the crime had not been established, and hence the action was required to be dismissed. Because the defense had raised a colorable legal issue which the undersigned could not resolve on the spot, the undersigned took the matter under submission, asked for briefing, and effectively continued the trial until such time as he ruled on the issue. The defense has not put on its case, if any, up to this point.

1

Both parties have submitted instructive briefing.[1] After review of that briefing and independent research, the undersigned concludes that the motion is denied.

*Facts*

The facts are simple and relatively undisputed. On October 15, 2009, Officer Rainwater ("Rainwater") saw a parked car whose registration tags appeared to indicate an expired registration. While Rainwater attempted to identify the registered owner through databases, defendant Ashley ("Ashley") approached the car. He was asked by Rainwater: "Are you the driver of the vehicle?" Ashley responded, 'yes." Ashley was then asked to produce his driver's license, car registration and insurance. He produced a Florida driver's license, which upon further examination, came back suspended since July 16, 2008. The government has proceeded against Ashley, in pertinent part, for driving a motor vehicle without a valid license in violation of Cal. Vehicle Code § 12500(a).[2]

*Discussion*

The corpus delecti rule, better known to the undersigned without its Latin moniker, is a rule which requires corroborating evidence of a crime, or its specific elements, in addition to a confession/admission of the crime, or admission to specific elements of the crime. United States v. Garcia-Villegas, 575 F.3d 949, 950 (9th Cir. 2009) citing Opper v. United States, 348 U.S. 84, 93, 75 S.Ct. 158 (1954). Ashley asserts that his mere admission that he was the "driver" of the vehicle is insufficient to establish the crime (the fact that he actually drove the subject vehicle while unlicensed) – "A person may not drive a motor vehicle upon a highway, unless the person then holds a valid driver's license issued under this code, except those persons who are expressly exempted under this code." Cal. Vehicle Code § 12500(a).

---

[1] This case illustrates that the student misdemeanor programs in the U.S. Attorney's Office and the Office of the Federal Defender can give quality representation to their clients.

[2] No party contests that Cal. Vehicle Code § 12500(a) is not properly assimilated under 18 U.S.C. § 13.

1    The undersigned first turns to a minor evidentiary matter, and then to the crux of
2  the discussion.  Defendant objected to the court's admission of defendant's statement without
3  the previous establishment of the corpus delecti.  However, that doctrine does not establish the
4  order of proof at trial; it precludes a *conviction* based on a "*postfactum*" admission in the absence
5  of evidence corroborating the commission of a crime.  Thus, under Fed. R. Ev. 611(a), the court
6  may control the order of proof as it sees fit.  See also Fed.R.Ev. 104(b).  In sum, to use the
7  preferred language in this case: *de minimis not curat lex*.
8    Turning to the major issue, the corpus delecti rule does not require that the crime
9  or its elements at issue be totally proven by evidence independent of a confession/admission
10 proving same.  As set forth in the government's brief, "the Government must 'introduce
11 independent evidence that the criminal conduct at the core of the offense actually occurred–that
12 'the injury for which the accused confesses responsibility did in fact occur, and that some person
13 was criminally culpable." Government's brief at 4 quoting United States v. Lopez-Alvarez, 970
14 F.2d 583, 592 (9th Cir. 1992).  The corroborative evidence does not have to be proof beyond a
15 reasonable doubt, or even a preponderance, as long as the evidence is substantial, Smith v.
16 United States, 348 U.S. 147, 156, 75 S.Ct. 194 (1954), and the corroborating evidence makes the
17 admission more trustworthy.  Id; United States v. Del Gado, 545 F.3d 1195, 1206 (9th Cir.
18 2008).
19   The problem with Ashley's argument is that he omits reference to much of the
20 evidence that the government did obtain independently of the admission.  Ashley does not
21 contest that Rainwater was permitted to ask him for his license, car registration and insurance.
22 Ashley does not contest the fact that this evidence linked him to the car in question in a
23 substantial way.  Ashley's only point is that no one observed him driving the car.
24   This issue has arisen in the analogous circumstances of driving while intoxicated.
25 In People v. McNorton, 91 Cal. App. 4th Supp. 1, 110 Cal. Rptr. 2d 930 (2001), defendant
26 admitted that she was the driver of a car which was stopped, and a tire was being changed.  A

3

person disclaiming to be the driver of the car was changing the tire.  Both of the occupants were observed to be intoxicated.  Defendant had admitted that she was the driver.  At trial, defendant was contesting the use of her admission to convict her of driving while intoxicated.  The court found that deducing that the car had been driven by an intoxicated individual was a reasonable inference to be drawn from the circumstances.  All the trial court need have found independently was that there was sufficient evidence that someone was driving the vehicle under the influence; then defendant's admission that she was the driver would permit conviction.  Id. at 6, 110 Cal. Rptr. 2d at 933.  McNorton criticized defendant's cited case of People v. Moreno, 188 Cal. App. 3d 1179, 233 Cal. Rptr. 863 (1987), because its evident holding that the prosecution had to eliminate all other inferences but the one indicating guilt in the corpus delecti situation was inconsistent with the later state supreme court case of People v. Jones, 17 Cal. 4th 279, 301-302, 70 Cal. Rptr. 2d 793 (1998).

In People v.Scott, 76 Cal. App. 4th 411, 90 Cal. Rptr. 2d 435 (1999) (also criticizing the legal holding of Moreno as building on "questionable precedent"), the police happened upon a car which was parked in a desolate area with tire trouble.  The ostensible driver of the car had not been observed driving, but was found about a quarter of a mile away, looking for help, but also intoxicated.  No other persons appeared to be in the immediate area.  Scott admitted to an officer that he had been driving the car, but later disclaimed that admission.  A reasonable inference, therefore, from the evidence independent of the retracted admission, was that Scott was the driver and had driven the car while intoxicated.  Interestingly, Scott did borrow one paragraph from Moreno:

> We quote a passage from that opinion in which the court distinguishes the facts before it from other possible scenarios: "While ... mere proximity to the vehicle is not sufficient, it is certainly a factor which can properly be considered; people in proximity to a vehicle are more likely to have some connection to the vehicle, whether driver or passenger, than people located at some distance away. *Thus, when it is established by competent evidence that no one in the reasonable vicinity except the suspect acknowledges having been the driver of the car and the suspect has some demonstrable connection with the vehicle, it then becomes a reasonable inference from circumstantial evidence that the suspect was, in fact, the driver."*

4

(*Moreno, supra*, 188 Cal.App.3d at pp. 1188-1189, 233 Cal.Rptr. 863; emphasis supplied.)

People v Scott, 76 Cal.App. 4th at 418, 90 Cal. Rptr. 2d at 440.

That paragraph was written for Ashley's case. The facts independent of Ashley's admission: there were no other likely drivers in the vicinity of Ashley's parked car; and that he possessed indicia of ownership and control over the vehicle; along with the common knowledge that generally vehicles simply do not appear on base of their own volition, establish the reasonable inference that Ashley was driving the vehicle on the citation day. Ashley is simply in error when he posits that the government had to disprove all theoretical scenarios in which someone else was driving the car, or driving the car on another day and left it on base, and hence the corpus delecti was not established. "The People need make only a prima facie showing '"permitting the reasonable inference that a crime was committed.'" [Citations.] The inference need not be 'the only, or even the most compelling, one ... [but need only be] a reasonable one....'" Scott at 416-417 quoting People v. Jones, 17 Cal. 4th at 301-302. [citations omitted]. See also Smith, supra.

*Conclusion*

Ashley's Rule 29 motion is denied. The parties shall contact the undersigned's courtroom clerk forthwith to choose a date for the continuation of trial.

DATED: 03/25/2010

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
ashley.ord